367 P.2d 462

George Lester CARSON, Augustus R. Carson and Randle B. Carson, Cross-petitioners and Respondents,

v.

D. R. DOUGLAS, Administrator of the Joint Estates of James Douglas, Deceased, and Mary E. Douglas, Deceased, Petitioners and Appellants.

No. 9455.

Supreme Court of Utah.

Jan. 8, 1962.

Milton A. Oman, Salt Lake City, for appellants.

Van Cott, Bagley, Cornwall & McCarthy, D. Eugene Livington, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a judgment in a nonjury case, quieting title to Mr. Richins' interest in real property and establishing a lien for taxes paid by Carsons against joint tenant, and wife, Mrs. Richins' interest. Affirmed. Costs to Carsons.

█ Believable evidence, viewed more favorably to the prevailing Carsons, as must be the case on appellate review, reasonably may be condensed as follows:

In 1948, Mrs. Richins' mother, Mary Douglas, agreed to sell ranch property to the Richins on monthly payments, during her lifetime, and thereafter in yearly amounts to her estate. Payments were current during her lifetime, but were not made thereafter. More than half the consideration was paid up to her death in 1953.

Thereafter, and apparently because of economic adversity, Mr. Richins penned a letter to D. R. Douglas, Administrator of Mrs. Douglas' estate, stating he was abandoning the contract. Mrs. Richins was not signatory thereto.

Because of this letter and some alleged conversations, between Richins and Douglas, the Administrator, the latter relies on an unequivocal abandonment by Richins.

Mrs. Richins, answering Carsons' pleadings, claimed no abandonment. She asserted through her counsel, and by admission, a continuing claim in the property despite default in payments under the contract, which provided for forfeiture *on demand*. No formal demand for payment was made. Nor was the escrow holder instructed to return the vendor's deed for default, until after the Carsons acquired Richins' interest in the property from the trustee in bankruptcy. Richins had been adjudicated a bankrupt in November, 1955, after scheduling the property as one of his assets. Thereafter, but prior to the transfer to Carsons, the trustee had taken over the property, paid delinquent taxes, water assessments, grazing fees, and fed Richins' stock. Meanwhile the Douglas Estate purported to lease the property and it obtained rentals therefrom.

■ After the voiced abandonment in Richins' letter to Douglas, nothing formally was done to exercise any forfeiture rights, demand delinquency payments or return of the documents of transfer from the escrow holder. Believable evidence would lead to the conclusion that the letter was considered as a gesture of temporary economic desperation. This is supported by the facts that thereafter Richins ran his cattle on the land, listed it as his own in a loan application, mortgaged it, and under oath listed it in his bankrupty schedules as an asset.

Under such circumstances, we cannot upset the trial court's conclusion that Richins retained his interest in the contract of purchase.

■ Douglas assails the allowance to Carsons of a deduction from the purchase price of all rentals received by the Douglas Estate. The allowance was made only by way of a *deduction*. Such credit on the purchase price, therefore, would inure to the benefit of both the Carsons and Mrs. Richins, co-owners.

■ As to taxes they may have paid, the Carsons would have a legitimate claim for one-half thereof against Mrs. Richins.

■ The Douglas contention that Richins' claim was lost by failure of the bankruptcy trustee to accept or reject the contract within the statutory period, we consider to be without merit. It was not pleaded or proved at the trial level. Under

such circumstances we have refused to canvas such contentions that are raised for the first time on appeal. This, in consonance with usual principles of appellate review.

WADE, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.